**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JUSTIN ANTHONY SHUTES** **PLAINTIFF**
**ADC #151537**

**V.** **NO. 4:25-cv-1195-DPM-ERE**

**FLORIA WASHINGTON**[1] **DEFENDANT**

**RECOMMENDED DISPOSITION**

## I. Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## II. Background

*Pro se* plaintiff Justin Anthony Shutes, an Arkansas Division of Correction ("ADC') inmate, filed this 42 U.S.C. § 1983 case. *Doc. 2*. Mr. Shutes is currently proceeding on a due process claim against Defendant Florida Washington regarding her failure to provide him with periodic classification reviews.[2]

---

[1] **The Clerk is instructed to update the docket sheet to reflect the correct name of Defendant Washington – Floria Washington.**

[2] The Court previously dismissed Mr. Shutes' other claims based on improper joinder and for failure to state a plausible constitutional claim. *Doc. 16*.

Defendant Washington has filed a motion for summary judgment, a statement of facts, and a brief in support arguing that Mr. Shutes failed to exhaust his administrative remedies as to his pending claims before filing this lawsuit. *Docs. 24, 25, 26.* Mr. Shutes has responded to Defendant Washington's motion, which is now ripe for review. *Doc. 28*.

For the reasons stated below, I recommend the Court grant Defendant Washington's motion.

## III. <u>Discussion</u>

### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

### B. The ADC Grievance Procedure

At all times relevant to this action, the ADC provided a three-step

administrative grievance process through ADC Administrative Directive 19-34. *Doc. 24-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*.

The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 13*.

To complete the exhaustion process before bringing this lawsuit, Mr. Shutes was required to present his claims against Defendant Washington in a timely filed grievance and pursue all three steps of the ADC's grievance process until he either received a decision on the merits at the final stage or ADC officials improperly failed to provide a merits decision. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* so that the agency addresses the issues on the merits") (cleaned up)

(emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (noting that a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

**C. Mr. Shutes' Grievance History**

Defendant Washington submits the affidavit of non-party ADC Corrections Program Coordinator April Gibson, who states that she has reviewed Mr. Shutes' grievance history, searching for any non-medical grievances naming or referring to Defendant Washington. *Doc. 24-1 at 7-8*. Ms. Gibson testifies that she "found no exhausted grievances that specifically named or referred to Floria Washington that were exhausted prior to his filing of this lawsuit." *Id. at 8*.

In his response to Defendant Washington's motion, Mr. Shutes conclusively states that he exhausted his administrative remedies regarding his pending claims before filing this lawsuit. *Doc. 28 at 1*. Mr. Shutes attaches copies of two grievances in support of his response.

First, Mr. Shutes attaches a copy of grievance VSM-26-87 in which he complained that Defendant Washington failed to provide him "class promotion." *Id. at 6*. However, Mr. Shutes submitted that grievances on January 9, 2026, nearly two months *after* he filed this lawsuit on November 14, 2025. *Doc. 2*.

In addition, Mr. Shutes attaches a copy of grievance VSM-25-1585 in which

he complained that Defendant Washington failed to provide him "step down opportunity."[3] *Doc. 28 at 7*. Although Mr. Shutes fully exhausted that grievance, Mr. Shutes submitted that grievance on December 10, 2025, nearly a month *after* he filed this lawsuit.

Mr. Shutes cannot satisfy the exhaustion requirement by initiating and fully exhausting grievances after he filed this lawsuit. See *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies *before* filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory") (emphasis added).

**D. Summary**

Based on the current record before the Court, there is no genuine issue of material fact on the threshold question of whether, *before* bringing this lawsuit, Mr. Shutes exhausted his pending claims in accordance with applicable procedural rules.

As a result, Defendant Washington is entitled to judgment as a matter of law, and Mr. Shutes' remaining claims should be dismissed, without prejudice.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Washington's motion for summary judgment (*Doc. 24*) be GRANTED.

---

[3] Although the informal resolution of that grievance does not contain a grievance number, Mr. Shutes' appeal of that grievance is numbered VSM-25-1585. *Doc. 28 at 7-8*.

2. Mr. Shutes' remaining claims be dismissed, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk of the Court be instructed to close this case.

DATED 3 September 2026.

UNITED STATES MAGISTRATE JUDGE